IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMMET CALDWELL<br><br>**Plaintiff**<br><br>v.<br><br>NIKOLAI MUSHEGIAN, *et al*<br><br>**Defendants** | **CIVIL NO.** 23-1212(RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On May 2, 2023, Plaintiff Emmett Caldwell ("Plaintiff") filed a *pro se Complaint*. (Docket No. 2). Plaintiff seems to allege that he entered into an agreement with Nikolai Mushegian ("Mushegian") whereby Mushegian would purchase hundreds of Plaintiff's digital artworks for $1.2 million, convert them into NFTs, and sell them for Plaintiff, charging a commission. Id. at 1. Plaintiff claims that Mushegian was subsequently dragged and drowned in the Condado beach by unknown, unidentified individuals after posting allegations against the CIA and Mossad. Id. at 1. Plaintiff asserts that Mushegian failed to pay for the artworks, as per their agreement. Id. at 2. Therefore, he argues Mushegian's Estate owes Plaintiff approximately $20 million given Mushegian's breach. Id. On June 7, 2023, Plaintiff filed a pro se *Amended Complaint* adding that despite his due diligence, he is unable to determine where

Civil No. 23-1212                                                    Page 2

Mushegian's estate is being probated or if notice of claims has been published. (Docket No. 12 at 3).

Throughout these proceedings, the Court has appointed Plaintiff with **three (3)** different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 7, 10, 18).

On October 13, 2023, the Court issued the following order: "By November 15, 2023, plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order shall result in the dismissal of this action without prejudice." (Docket No. 28).

Plaintiff filed a *Reply to Order to Show Cause* on November 7, 2023, but failed to address the matters outlined by the Court. (Docket No. 31). Plaintiff claims that there exists diversity jurisdiction because the Mushegian's heirs reside in Maryland. Id. However, the citizenship of an estate "for purposes of diversity jurisdiction is determined by reference to the decedent's domicile." Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8, 14 (E.D.N.Y. 2002) (citations omitted). Plaintiff has made no mention as to Mushegian's domicile. *See also* Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (noting that domicile "can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely.").

"The party seeking to establish diversity jurisdiction bears the burden of persuasion, and parties must support their jurisdictional allegations with 'competent proof.'" <u>Harrison v. Granite Bay Care, Inc.</u>, 811 F.3d 36, 40–41 (1st Cir. 2016) (quoting <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 96 (2010)). Upon review of the totality of the record, the Court finds that Plaintiff has not met his burden of establishing diversity jurisdiction.[1]

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Amended Complaint* for lack of subject matter jurisdiction. Thus, Plaintiff's *Complaint* at Docket No. 12 is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge

---

[1] The Court also notes that Plaintiff sought leave to amend the operative complaint and serve summons by publication. (Docket Nos. 31, 32, and 33). Plaintiff seems to seek to include the Puerto Rico Department of Housing as a defendant, which would also destroy diversity.